THOMAS JOHNSON *vs.* REUBEN S. WILLIS.

Money paid on the Lord's day and retained afterwards discharges a debt.

ACTION OF CONTRACT for work and labor. Answer, payment.

At the trial in the court of common pleas, at June term 1856, a witness for the defendant testified that in December 1855 (before this action was brought) the defendant paid the plaintiff thirty seven dollars as the balance due him for labor, and the plaintiff took it, saying nothing, and had since retained it, without any offer to return it. On cross-examination, the witness stated that this transaction took place on a Sunday. And *Sanger*, J. instructed the jury, that if the payment was made on the Lord's day, it was an illegal act, of which the defendant could not avail himself. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*G. M. Brooks*, for the defendant.

No counsel appeared for the plaintiff.

DEWEY, J. It seems to us quite clear that no principle of law can exclude the proposed evidence of payment received by the defendant on account of the demand in suit. This court, in common with the English courts and the courts of several of our sister states, has held, that contracts made on Sunday, where the same were directly prohibited under a penalty, could not be enforced in a court of law. *Pattee* v. *Greely*, 13 Met. 284. But it is quite a different thing to hold that money voluntarily received on Sunday, in payment of a pre-existing debt, may be held by the receiver, and appropriated to his own use, and yet he may enforce payment again of such demand, irrespectively of the payment already received. It is not, on the part of the defendant, an attempt to enforce a contract made on Sunday, but a resistance of a claim unjustly set up against right, by showing that nothing is due thereon. The evidence of the receipt of the money ought to have been received.

*Exceptions sustained.*